UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TERRANCE TERRELL BROWN**  LA. DOC #432458  VS. | **CIVIL ACTION NO. 3:12-cv-3107**  **SECTION P**  **JUDGE ROBERT G. JAMES** |
| **WARDEN BILLY TIGNER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Terrance Terrell Brown, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on December 14, 2012. Petitioner attacks his 2006 conviction for conspiracy to commit armed robbery in the criminal proceeding under Docket Number 05-F2501 of the Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed successive and **DISMISSED** for lack of jurisdiction.

*Background*

Petitioner filed a pro se petition for habeas corpus in this Court on December 9, 2010. See *Terrance T. Brown v. Warden Alvin Jones*, Civil Action No. 3:10-cv-1885 at Doc. 1. That pleading along with other amended and supplemental pleadings filed thereafter, attacked petitioner's 2006 conspiracy to commit armed robbery conviction and a subsequent probation revocation hearing that was convened following an arrest on new felony charges.

In a Supplemental Report and Recommendation the undersigned observed that seven of petitioner's claims were subject to dismissal because petitioner failed to exhaust state court remedies by fairly presenting the claims to the Louisiana Supreme Court in a procedurally correct manner. The undersigned further observed that these unexhausted claims were procedurally defaulted since State court remedies were then unavailable. The two exhausted claims, those involving the alleged unlawful institution of petitioner's probation revocation procedure and the sufficiency of the evidence warranting revocation, were deemed exhausted but without merit since the petitioner failed to demonstrate that the State courts' rulings were unreasonable. See *Terrance T. Brown v. Warden Alvin Jones*, Civil Action No. 3:10-cv-1885 at Doc. 15.

Petitioner objected to the Report and Recommendation [See *Terrance T. Brown v. Warden Alvin Jones*, Civil Action No. 3:10-cv-1885, Doc. 16]; nevertheless, on December 15, 2011, Judge Walter adopted the recommendation and ordered petitioner's *habeas corpus* dismissed with prejudice. [See *Terrance T. Brown v. Warden Alvin Jones*, Civil Action No. 3:10-cv-1885, Doc. 17] Thereafter, on April 16, 2012 the United States Fifth Circuit Court of Appeals denied a Certificate of Appealability noting, "Terrance T. Brown ... moves for a ... COA to challenge the dismissal of his 28 U.S.C. §2254 application. He challenged his conviction for conspiracy to commit armed robbery, his arrest and prosecution for new crimes, and the revocation of his probation for the original conviction. The district court dismissed the §2254 application with prejudice on the grounds that some of the claims were unexhausted, some of the claims were procedurally defaulted, and the other claims were without merit." [*Terrance T. Brown v. Alvin Jones, Warden*, No. 12-30044; See *Terrance T. Brown v. Warden Alvin Jones*, Civil Action No. 3:10-cv-1885 at Doc. 21]

Petitioner filed the instant petition on December 14, 2012.  He collaterally attacks the same 2006 conspiracy to commit armed robbery conviction under Docket Number 05-F2501 of the Fourth Judicial District Court, Ouachita Parish raising claims of – (1) illegal search and seizure; (2) double jeopardy and illegal sentence; and, (3) ineffective assistance of trial counsel. [Doc. 1]

On December 18, 2012, petitioner filed a Motion for Authorization to file a successive *habeas* petition in the United States Fifth Circuit Court of Appeals. That matter was assigned Docket Number 12-31264 and remains pending on the Fifth Circuit's Docket.

## *Law and Analysis*

This petition attacks the same conviction and sentence that petitioner attacked in Civil Action No. 3:10-cv-1885.  It appears that the instant petition is therefore successive.  As petitioner is apparently aware, given his filing in the Fifth Circuit, before a *habeas* petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

Of course, a *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998).  However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.*  The claims raised herein were either raised in his prior habeas petition, or could have been.

The Fifth Circuit has also found that "an application filed after a previous application was

fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).  Under this approach, the key issue is whether or not the first petition was adjudicated on the merits. Petitioner's prior *habeas corpus* was, as shown above, dismissed with prejudice; and his request for a COA was denied by the Fifth Circuit Court of Appeals. The instant petition is yet another attempt to collaterally attack in Federal court, petitioner's Louisiana conviction for conspiracy to commit armed robbery.  As petitioner is aware, given the proceedings pending in the Fifth Circuit, before he may file this successive application in this court, he must first obtain permission to do so from a three-judge panel of the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  A review of the Fifth Circuit's PACER case index reveals that petitioner has applied for but not yet received authorization to file a successive petition.

Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be deemed successive and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, February 8, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE